IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLAN WAYNE BOYDSTON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SPENCER, OKLAHOMA,<br><br>AND<br><br>NICOLE MUKES, Individually and<br>in her official capacity as City Manager<br>of he City of Spencer, Oklahoma,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-14-816-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.
### Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983 seeking to redress a violation of the Fourteenth Amendment to the Constitution of the United Stated. In addition, Plaintiff invokes this Court's ancillary jurisdiction to adjudicate state common law claims and state contract claims.

2. Plaintiff, Olan Boydston is, and at all times material herein, has been, a resident of Yukon, Oklahoma within the jurisdiction of this Court. At all times material herein Plaintiff, Olan Boydston, is, and has been, an employee of the City of Spencer and by the laws, charters and ordinances of the State of Oklahoma and the City of Spencer.

3. The Defendant, City of Spencer, is a council manager city government of the State of Oklahoma. At all times material herein, the City of Spencer is, and has been, an employer as defined by the laws, charters and ordinances of the State of Oklahoma and the City of Spencer.

4.  Defendant, Nicole Mukes, named in her individual and official capacity is, and at all times material herein, has occupied the position of City Manager of the City of Spencer, Oklahoma, a policy maker for purposes of the employment of employees of the City of Spencer, and is an employee agent of the City of Spencer as defined by the laws, charters and ordinances of the State of Oklahoma and the City of Spencer.

5.  At all times material herein, the facts upon which the following cause of action arose occurred in Spencer, Oklahoma.

## II.

6.  At all times material herein, prior to May 11, 2011, Plaintiff, Olan Boydston, had been employed by the City of Spencer Police Department.

7.  Under the Fourteenth Amendment of the United States Constitution, the United States Supreme Court has held that a property right exists if a municipal employee cannot be terminated "except for cause".

8.  A "Due Process" hearing was not held prior to Olan Boydston being deprived of his property rights of his employment.

9.  The Oklahoma Supreme Court has held that all municipal police officers that participate in the Oklahoma Police Pension System may not be terminated "except for cause".

10. 11 O.S. Section 50-123 also states that these municipalities must establish a review board to hear "appeals concerning the discharge of members".

11. At all times material herein, Plaintiff, Olan Boydston, was a member of the Oklahoma Police Pension System.

12. A review board was never established to hear Plaintiff, Olan Boydston's potential appeal concerning the discharge of Olan Boydston.

13. The acts and conduct of Defendants, and each of them, caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

14. The acts and conduct of the named Defendants, and each of them, were wilful, malicious

and/or deliberately indifferent to Plaintiff, Olan Boydston's rights and entitle Plaintiff, Olan Boydston to recover from the individually named Defendant punitive damages.

## III
## 42 U.S.C. §1983
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

15. Paragraphs 1 though 14, inclusive, are hereby incorporated by reference.

16. Plaintiff, Olan Boydston, brings this action for violation of the Fourteenth Amendment pursuant to 43 U.S.C. §1983 against Defendant City of Spencer, including the named defendants in their official capacities and the individually named defendants in their individually capacities.

17. At all times material, defendants, and each of them, acted under the color of law.

18. Plaintiff, Olan Boydston, was a member of the Oklahoma Municipal Police Pension and Retirement System which precluded Plaintiff, Olan Boydston, from discharge except for just cause. As a result of his right to be discharged only for just cause, Plaintiff, Olan Boydston, enjoyed a property interest in his continued employment.

19. On May 11, 2011, Defendants, and each of them, discharged Plaintiff without providing Plaintiff, Olan Boydston, an opportunity to respond to allegations which Defendants alleged to have been the basis for the discharge and without any post-termination proceedings. Said action, either individually or as a combined series of events deprived Plaintiff, Olan Boydston, of due process of law.

20. The acts set forth above by the Defendants, both individually and as a combined series of events were taken or approved or condoned by a policy maker and were the subject of a policy, custom or usage by the City of Spencer to deprive Plaintiff, Olan Boydston, of property without due process of law.

21. The individually named Defendant knew, or should have known, that the law was well established that Plaintiff, Olan Boydston, had a property interest in continued employment and was entitled to an opportunity to respond to the charges coupled with a

22. right to a post termination hearing by the procedural due process clause of the Fourteenth Amendment to the Constitution of the United States and were not taken in good faith.

22. Defendant, Nicole Mukes, either took or approved or condoned each of the acts denying Plaintiff, Olan Boydston, procedural due process as set forth above as City Manager.

23. In addition to any direct participation, or approval and/or condonation, the individually named Defendant conspired with each of the other Defendants to deprive Plaintiff, Olan Boydston of due process of law.

24. The acts and conduct of Defendants, and each of them, caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

25. The acts and conduct of the individually named Defendant, were wilful, malicious and/or deliberately indifferent to Plaintiff, Olan Boydston's rights and entitle Plaintiff, Olan Boydston to recover from the individually named Defendant punitive damages.

## IV
## OKLAHOMA CONSTITUTION
## ARTICLE 2, SECTION 7
## DUE PROCESS

26. Paragraphs 1 though 25, inclusive, are hereby incorporated by reference.

27. Plaintiff, Olan Boydston brings this action for violation of the due process provisions of Article 2, Section 7 of the Oklahoma Constitution against the City of Spencer.

28. Plaintiff, Olan Boydston was a member of the Oklahoma Municipal Police Pension and Retirement System which precluded Plaintiff, Olan Boydston from discharge except for just cause. As a result of his right to be discharged only for just cause, Plaintiff, Olan Boydston enjoyed a property interest in his continued employment.

29. On May 11, 2011, Defendant, City of Spencer discharged Plaintiff, Olan Boydston without providing Plaintiff, Olan Boydston an opportunity to respond to allegations which Defendants alleged to have been the basis for the discharge and without any post-

termination proceedings. Said actions either individually or as a combined series of events deprived Plaintiff Olan Boydston of due process of law under Article 2, Section 7 of the Oklahoma Constitution.

30. The acts and conduct of Defendant, City of Spencer caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

31. The acts and conduct of Defendant, City of Spencer injured Plaintiff, Olan Boydston and entitles Plaintiff, Olan Boydston to equitable relief including, but not limited to, reinstatement, front pay and back pay and benefits.

32. The acts and conduct of Defendant, City of Spencer being in violation of the Oklahoma Constitution is not subject to limitations of sovereign immunity or the restrictions amount of recovery of the Governmental Tort Claims Act.

## V.
## PUBLIC POLICY DISCHARGE
## VIOLATION OF CONSTITUTIONAL RIGHTS

33. All previous paragraphs, inclusive, are hereby incorporated by reference.

34. As set forth above in the Eight and Ninth cause of action, Plaintiff, Olan Boydston has alleged independent cause of action for Violation of the Oklahoma Constitution, Article 2, Section 7.

35. To the extent any court concludes that such claims for violation of constitutional provisions is not an independent cause of action, Plaintiff, Olan Boydston would make the same allegations of wrongful discharge alleging Defendant, City of Spencer violated the public policy of the State of Oklahoma.

36. Plaintiff, Olan Boydston would allege that the provisions of the Oklahoma Constitution establish the public policy of the State of Oklahoma.

37. Plaintiff, Olan Boydston alleges that by discharging Plaintiff, Olan Boydston in violation of the Oklahoma Constitution, Article 2, Section 7, as alleged in paragraph 1- 36

above, violated the public policy of the State of Oklahoma.

38. The acts and conduct of Defendant, City of Spencer caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

39. The acts and conduct of Defendant, City of Spencer injured Plaintiff, Olan Boydston and entitles Plaintiff, Olan Boydston to equitable relief including, but not limited to, reinstatement, front pay and back pay and benefits.

## VI
## BREACH OF CONTRACT
## CITY CODE

40. All previous paragraphs, inclusive, are hereby incorporated by reference.

41. Plaintiff, Olan Boydston brings this action against the Defendant, City of Spencer for Breach of Contract/Breach of City Code by denying Plaintiff, Olan Boydston post termination appeal rights..

42. The City Code of the city of Spencer establishes a merit/classified service limiting the authority of the City Manager to discharge employees except for "the good of the service" and thereafter setting forth certain notice and appeal procedures to which the employee is entitled to receive. Said procedures of post termination appeal procedures created an implied contract between employees and the City of Spencer, see *Kester v. Stilwell*, 993 P.2d 952 (Okla. Ct. App. 1997).

43. Plaintiff, Olan Boydston was an employee of the City of Spencer who was entitled to receive the termination procedures including the post termination appeal procedures.

44. On or about May 11, 2011, Defendant, City of Spencer discharged Plaintiff, Olan Boydston. Thereafter, Plaintiff, Olan Boydston made demand for appeal of his constructive discharge under the City Code of the City of Spencer and such demand was ignored and he was effectively denied the right to appeal his termination as well as the right to a determination by the appellate tribunal of whether his discharge was for the

good of the services as provided by the City Code.

45. By constructively terminating Plaintiff, Olan Boydston and thereafter failing to afford him, and effectively denying him the right to appeal and review in accordance with the City Code, the Defendant, City of Spencer breached the implied contract created by these procedures and right under the City Code.

46. As a result of the breach of implied contract [city code procedures and rights] Defendant, City of Spencer has caused Plaintiff, Olan Boydston actual injury in the form of lost wages and benefits entitling Plaintiff, Olan Boydston to recover actual damages. Further equitable relief of reinstatement, back pay and benefits and front pay should be awarded to make Plaintiff, Olan Boydston whole.

## VII
## BREACH OF IMPLIED CONTRACT
## OKLAHOMA MUNICIPAL POLICE PENSION AND RETIREMENT ACT

47. All previous paragraphs, inclusive, are hereby incorporated by reference.

48. The provisions of the Oklahoma Municipal Police Pension and Retirement Act require that members not be discharged from employment except for just cause and subject to advance notice, an opportunity to respond, and a post termination appeal procedure. Such provisions of the Act created an implied contract for continued employment.

49. On May 11, 2011, Defendant, City of Spencer discharged Plaintiff, Olan Boydston, a member of the Oklahoma Municipal Police Pension and Retirement System, without just cause and failed to provide Plaintiff, Olan Boydston with discharge procedures set forth in the Act.

50. As a result of the breach of implied contract [Oklahoma Municipal Police Pension and Retirement Act] Defendant has caused Plaintiff, Olan Boydston actual injury in the form of lost wages and benefits entitling Plaintiff, Olan Boydston to recover actual damages. Further equitable relief of reinstatement, back pay and benefits and front pay should be awarded to make Plaintiff, Olan Boydston whole.

## VIII

## VIOLATION OF OKLAHOMA CONSTITUTION BY AN INDIVIDUAL

51. All previous paragraphs, inclusive, are hereby incorporated by reference.

52. The instant cause of action is brought by Plaintiff, Olan Boydston against Defendant, Nicole Mukes.

53. The instant cause of action is brought in the alternative to the extent that the individually named Defendant, Nicole Mukes individually, acting under guise of official right exceeded the scope of her employment by depriving Plaintiff, Olan Boydston of property without due process in violation of Article 2, Section 7 of the Oklahoma Constitution.

54. Plaintiff, Olan Boydston was a member of the Oklahoma Municipal Police Pension and Retirement System which precluded Plaintiff, Olan Boydston from discharge except for cause. As a result of his right to be discharged only for just cause, Plaintiff, Olan Boydston enjoyed a property interest in his continued employment.

55. On May 11, 2011, Defendant, Nicole Mukes discharged Plaintiff, Olan Boydston without providing Plaintiff, Olan Boydston an opportunity to respond to allegations which Defendants' alleged to have been the basis for the discharge and without any post-termination proceedings. Said actions, either individually or as a combined series of events deprived Plaintiff, Olan Boydston of due process law under Article 2, Section 7 of the Oklahoma Constitution.

56. The acts and conduct of Defendant, Nicole Mukes exceeded the scope of her employment.

57. The acts and conduct of the individually named Defendant, Nicole Mukes caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

58. The acts and conduct of the individually named Defendant, Nicole Mukes were wilful, malicious and undertaken with conscious disregard of Plaintiff, Olan Boydston's rights and entitle Plaintiff, Olan Boydston to recover punitive damages.

## IX
## TORTUOUS INTERFERENCE WITH EMPLOYMENT

59. All previous paragraphs, inclusive, are hereby incorporated by reference.

60. This cause of action is brought by Plaintiff, Olan Boydston against individual Defendant, Nicole Mukes.

61. By the acts and conduct of Defendant, Nicole Mukes, individually, in causing the termination of employment of Plaintiff, Olan Boydston from employment with the City of Spencer were in bad faith and contrary to the interests of the City of Spencer.

62. The acts and conduct of the individually named Defendant, Nicole Mukes caused Plaintiff, Olan Boydston pecuniary loss, pain, suffering, and emotional distress and humiliation and entitle Plaintiff, Olan Boydston to recover actual, pecuniary, and compensatory damages.

63. The acts and conduct of the individually named Defendant, Nicole Mukes were wilful, malicious and undertaken with conscious disregard of Plaintiff, Olan Boydston's rights and entitle Plaintiff, Olan Boydston to recover punitive damages.

## PRAYER

**WHEREFORE**, Plaintiff, Olan Boydston, prays this Court:

1. Enter judgment in favor of Plaintiff, Olan Boydston to each cause of action brought by Plaintiff, Olan Boydston.

2. Award Plaintiff, Olan Boydston actual, compensatory and liquidated damages against the City of Spencer, as appropriate, for each cause for action brought by Plaintiff, Olan Boydston against the City of Spencer.

3. Award Plaintiff, Olan Boydston actual, compensatory, liquidated damages, and punitive damages against the individually named Defendants appropriate.

4. Enjoin Defendant from further violation of the Constitution of the United States and the

Oklahoma Constitution.

5. Award Plaintiff, Olan Boydston all equitable relief including, but not limited to, reinstatement, back pay and benefits, front pay necessary to make Plaintiff, Olan Boydston whole as appropriate under each cause of action.

6. Award Plaintiff, Olan Boydston prejudgement interest, attorney fees and costs as appropriate under each cause of action.

7. Award such other and further relief, at law or in equity, that the Court deems appropriate.

Dated this 4 day of August, 2014.

LANA COHLMIA, OBA # 11267
414 NORTHWEST 4TH STREET
SUITE 200
OKLAHOMA CITY, OK 73102
(405) 239-4900 TELEPHONE
(405) 702-4984 FACSIMILE
ATTORNEY FOR PLAINTIFF
LANA.COHLMIA@GMAIL.COM

**JURY TRIAL DEMANDED**

**ATTORNEY'S LIEN CLAIMED**