IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLAN BOYDSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-816-D |
| | ) | |
| CITY OF SPENCER, OKLAHOMA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court are separate motions filed by Defendants City of Spencer (the "City") and Nicole Mukes ("Mukes") seeking dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Olan Boydston has filed a combined response to the motions, and Defendants have replied. Thus, the motions are at issue.

Plaintiff is a former employee of the City who brings suit regarding the termination of his employment on May 11, 2011. He claims the City violated his constitutional rights to due process under both the United States Constitution and the Oklahoma Constitution, violated public policy, and breached an implied contract arising from the municipal code and state statutes. He claims Mukes, the city manager who discharged him, also violated the Oklahoma Constitution and tortiously interfered with his employment by the City. Although numerous issues are raised by the motions, the potentially dispositive issue as to all claims is whether they are barred by the applicable statutes of limitations. Plaintiff commenced this action on August 4, 2014, more than three years after his termination.

Plaintiff concedes that the action was not timely filed, but he seeks to excuse the delay by the following allegation in his pleading: "On May 1, 2013, Ted Pool, acting in his capacity as the attorney for the City of Spencer, signed a waiver of the Statute of Limitation for everything but the Government Tort Claim Act [sic] (see Exhibit A)." *See* Am. Compl. [Doc. No. 9], ¶ 14. No exhibit is attached to the Amended Complaint. Although Plaintiff argues additional facts in his brief, Defendants correctly contend that the Rule 12(b)(6) inquiry is limited to the factual allegations contained in Plaintiff's pleading.[1]

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (internal quotation omitted). This is so because "any party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of proving justifiable circumstances." *Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004).

---

[1] Further, LCvR7.1(j) provides: "Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the court."

## Discussion

Plaintiff contends that the City's right to assert a statute of limitations defense was waived by the City's attorney or that the City is estopped to raise the defense due to the attorney's signing of a written waiver. Plaintiff does not allege, nor does he argue in his brief, that the attorney represented Mukes personally. Thus, Plaintiff's argument provides no basis to toll the limitations period for his claims against Mukes in her individual capacity. Therefore, Mukes is clearly entitled to the dismissal of Plaintiff's claims against her.

As to the City, Plaintiff pleads no fact that would establish the attorney's authority to waive the City's right to assert the statute of limitations for his claims, or the attorney's authority to execute the waiver for the City. It is well established under both federal and state law that a governmental body's protection of a statute of limitations cannot be waived by the conduct of its officers. *See Finn v. United States*, 123 U.S. 227, 233 (1887); *Nordman v. School Dist. No. 43 of Choctaw County*, 121 P.2d 290, 292 (Okla. 1941) ("school district directors have not been given the authority to waive the running of the statute of limitations, and therefore do not have the right to do so when such waiver alone will result in judgment which otherwise could not be taken"). Plaintiff alleges in his pleading that the City operates under a "council manager" form of government; the governing body of this form is a city council. *See* Okla. Stat. tit. 11, § 10-106. Under this form of government, even the city manager lacks the authority to create a binding obligation of the municipality with regard to employment matters. *See Nottingham v. City of Yukon*, 766 P.2d 973, 975 (Okla. 1988).

"Municipal officers have only such powers and can exercise only such authority as are expressly granted or necessarily to be inferred as incidental to those expressly granted." *Id*. at 974. Plaintiff points to no fact and provides no legal authority to support his arguments that the attorney representing the City in May, 2013, had any authority to grant a waiver of the statutes of limitations applicable to his claims against the City. Accordingly, the City is neither bound by any waiver that was given by the attorney, nor estopped to assert this defense to Plaintiff's claims. Contrary to Plaintiff's argument, justifiable reliance is an "important element" of estoppel to assert a limitations defense. *See Thaxton v. Beneficial Mortg. Co.*, 145 P.3d 124, 128 (Okla. Civ. App. 2006) (citing *Phillips Petroleum Co. v. U.S. Fid. & Guar. Co.*, 1968 OK 23, 442 P.2d 303 (Okla. 1968)). Plaintiff could not justifiably have relied on a waiver given by a person who was not legally authorized to bind the City or waive its legal rights.

For these reasons, the Court finds that the Amended Complaint fails to state a claim on which relief can be granted, and must be dismissed. Further, because Plaintiff amended his original Complaint in an effort to avoid Defendants' initial motions to dismiss raising this issue, the Court finds that Plaintiff need not be granted an additional opportunity to amend his pleading.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss [Doc. Nos. 11 and 12] are GRANTED. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this  9th  day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE